Good morning, Your Honor. May it please the Court. I'm Bradley Woodruth, representing Appellant Harrell. Also present is my co-counsel, Thomas Ryan. The issue before the Court today has been narrowed to essentially a single question, whether or not Defendant Downer is entitled to qualified immunity, which was the sole basis on which his motion for summary judgment was sought and granted by the Court below. Why wouldn't he have absolute immunity? That was adjudicated adversely to the judge, Your Honor, on his motion to dismiss. Even so, can't we affirm on any ground that's made out by the record whether the judge went that way or not? I don't think even on this record. Perhaps the Court could, but the Court should not. In denying the motion to dismiss on the grounds of absolute immunity, the magistrate found that the judge's conduct with plaintiff's alleged work release cannot be characterized as conduct with independent Downer's judicial capacity. Why not? It was outside the law. It was outside the procedure set under which the Court could do so. And I'd be happy to discuss the statutes under which the judge seeks refuge but isn't entitled to it. It might be helpful if you did. Sure. Let me ask one other question. Your brief focus almost exclusively on Judge Downer, alleging no facts that connect District Attorney Foley. Does this honestly mean that you're waiving any arguments with respect to District Attorney? Yes, Your Honor. Thank you. We're focusing solely on defendant Downer. He did violate clearly established law which suggests that law is ORS 137071, subsection 8. That statute requires that the Court, in its sentencing order, include each and every legal consequence of the sentence imposed. It couldn't be more clear law. He failed to set forth those limitations on work release in the sentencing order, and he admits that in paragraph 4 of his affidavit, defendant Downer does. What's the point? But the absolute immunity, as I understand it, focuses on the conduct of the judge. Okay? And in doing what he did, he was acting in his authority to deal with sentencing. That's a judicial act. He may have made a mistake. He may have done something that was contrary to law. But absolute immunity looks to see whether or not the judge is acting in the judicial capacity. And what is the evidence here that he was not acting in the judicial capacity? I submit that the magistrate below in the motion to dismiss correctly saw that the judge's conduct in engaging in an off-the-record, as far as we can tell, contact with the jail staff pursuant to some talk he had heard in the community that there was discussion of Harrell being transferred to work release is not within his judicial capacity. I don't understand that. I looked at Oregon Statute 137.520, paren 1, and it says, the committing magistrate may also authorize, limit, or prohibit the release of a sentenced defendant upon pass, furlough, leave, work, or educational release. So it looks like it was indeed the judge's statutory business to decide whether to prohibit work release. That means your only quarrel is whether he did it in writing or whether he did it orally on the phone. Sure. And as for whether he did it in writing or orally on the phone, I can't see where that even bears on whether it's wholly outside his jurisdiction. If the judge had authority on whether he did it right. If the judge had authority to do what he did under 137.520, he has to do it in compliance with 137.071 because that is the procedural statute which protects the defendant's liberty, interest, and due process interest. I don't know if that's true, but let's say it's true. Why would error in that respect cause him to be acting wholly outside his judicial authority? It was the error in failing to set forth that limitation in the sentencing order combined with his subsequent extrajudicial conduct in informally apparently contacting the jail staff. You keep assuming the truth of the proposition to be demonstrated. Maybe it's the use of adjectives that's making me hard to follow your statements. You're interpreting 137.071 to mean that saying no to work release has to be in writing. I don't know that that's true. I don't know that work release has to be in the written judgment. But let's assume it's true and let's assume the judge made a mistake on that. I still don't see where that takes him out of his judicial authority since he has express authority to prohibit work release. In the context of this particular case, it's not that hard to see how it gets there. The 1983 case filed by Harrell here alleged that the judge engaged in this pattern of conduct in direct retaliation against Harrell, who had a known history of being a political activist that in fact involving himself in a recall campaign directed a judge downer. So that may go to motive, but the question is, let's step back a minute. Let's suppose you're right. Wouldn't his remedy have been to file an appeal or some motion directed at the judge having exceeded his authority? That's how you deal with mistakes by judges. Why couldn't or what was available or not available to him if he had this interest? I don't know exactly what was the reason to correct a mistake by the judge. Let's suppose that the judge acted with benign motive. Would your argument still be the same, that as long as, because it was clearly required in your view under the statute that it had to be in the original sentencing order, and if he mistakenly, but in good faith, called over and said, wait a minute, he's not supposed to get work released, that that would trigger liability for a 1983 action? Yes, it would. One thing we don't know from the record before us is when and how, in fact, Harrell learned of the judge's conduct. So now you've answered that question. I steered you away from my first question, is let's suppose he did it innocently, that is, the judge did it innocently. What would have been the judicial appellate remedy that was available to him to challenge the mistake of the judge? If the judge had innocently failed to set forth the limitation in the sentencing order, and then thereafter called the jail and denied it, I'm not sure that there would be a clear remedy for that. At that point, Your Honor, sentence had been imposed, the defendant had been admitted, he was in custody at that point in time, and didn't necessarily know of what the judge's conduct had been. And when he eventually, all the pieces of the puzzle came together to defendant Harrell, he fashioned himself a 1983 case against defendant Downer. And I think it was arguably well put before the court below, and ought to be sent back there for further proceedings. The judge seeks refuge in ORS 423.478. That statute was really never triggered at all in this case. That statute provides that once a defendant has been committed, they pass to the supervisory authority. The supervisory authority may do something other than keep them in jail, but under subsection 3B, if they do that, they're entitled to notify the judge and district attorney, and after such notification, the court or the district attorney may on their motion, on motion, direct the sentencing authority to do otherwise, in other words, to keep them in jail. None of those procedures were invoked in this case. The sentencing authority never gave the requisite notice to the judge. The judge acted on his own and not pursuant to the statute. Roberts, do you have a single case that has ever been decided in any American jurisdiction, State or Federal, where a judge was found liable for deprivation of constitutional rights despite his immunity on account of not following procedural requirements for doing an act within his power? I would submit that the act that this judge did was not, in fact, within his power because of the manner in which he did it. He did not do it in accordance with the statute. He just conceded what you said you were arguing with. What I suggest to the Court is that even judicial officers are held to two things. Number one, can he prohibit work release? Number two, does he have to do it in writing in the judgment? Do you have a single case where a judge did something that is within his jurisdiction but did it wrong procedurally and the judge was found to be personally liable and to be outside his immunity? We have found no such direct case, Your Honor, because I think the instances in which a judge has acted in this fashion in a case of this context with this kind of background history to it is one that rarely arises and not one that we have seen before. With the Court's indulgence, I'd like to reserve the few seconds I have left. Thank you, counsel. May it please the Court, Tim Sylvester for the defendants. As I understand it today, defendant Foley perhaps is out of this case because the Petitioner does not pursue any further claim against him. So we're only down to, at this point, Judge Downer. I think what's important to start out with is the way this case originally came, the way that the plaintiff presented it, he was saying that the trial court, Judge Downer, had no authority to prohibit his release. Let's assume that. I'd just like to see what your take is on it. Was there any remedy available to Harrell if, in fact, there was a procedural violation by the judge, as Judge Kleinfeld has suggested? Let's suppose whether it was benign or evil in terms of motive. Did Harrell have any remedy if his rights, and I'm going to assume he had a liberty interest in work release for purposes of the question. Okay. Did he have any effective remedy to challenge within the judicial system the excess, either by mistake or otherwise, of Judge Downer? Yes. Well, there was a possibility of filing an action in the local circuit court complaining it would be a habeas corpus action, saying I essentially am being held unlawfully in the Curry County Jail, the basis on which I'm being held is unlawful because. And that would be an action that would have been filed in Curry County Circuit Court and could have been processed. How long was he in for? How much time would he have had to file? Well, I think he was in, the total sentence was about a year and a half, if I recall correctly, and then he was matrixed out of the Curry County Jail early. And I'm not, as far as the timing of when this issue first came up, it could well have been that if he had filed a habeas corpus action, it effectively would have been moot by the time it would have been heard because he was already matrixed out of jail. But there was a State remedy. This record doesn't show whether or not he ever actually exhausted such a State remedy. I think the important point here is that when Petitioner first, Plaintiff first raised this, he was under the misconception that ORS 137520-1 did not apply to him. And as we have been saying all the way through, the circuit court had authority under that statute to preclude his release on any sort of work release. Ginsburg. And what do you do with 137.071? Okay. Now, that is the case, that is the thing that comes up later, that Petitioner plaintiff raised for the first time late in the proceedings. What that statute is, is simply a direction to the court about what is to be included in a judgment. There is no case that I am aware of under Oregon law that says that any violation of that particular, as far as what is to be included in a judgment, gives rise to any sort of remedy to the defendant other than entry of a corrected judgment. But in any event, I think the important point here is that there is no, and the plaintiff has never established any, and I'm not aware of any, there is no statute or rule or administrative regulation that entitles anybody serving time in a local jail to be released on work release under any sort of circumstances. Whether somebody in a local jail is to be released on work release or anything like that is entirely within the discretion of the local supervisory authority. It's a discretionary decision that is made by the local jailor, depending upon programs available, people in jail, whether there's overcrowding problems, the person's participation, behavior in the jail. There's a myriad of things that go into the determination on a day-to-day basis, whether somebody is going to be moved from this cell to this cell, whether they're going to be released that day to go out and break leaves, or whether they're going to be released to work release. There's a whole myriad of things. And that is totally within the discretion of the local supervisory authority. Now, it is also within the local trial court's authority to determine whether anybody who is in local jail can be released on one of those programs. And the undisputed facts in this case are that at that time, it was the, and I'm referring, there were Judge Downer's affidavit, which is in the supplemental excerpt of record, and then what I'm going to refer to you, the court, to as a concise statement of facts. On SCR 46, the point, point five is, at all times material, it was the policy of the local bench that anybody serving time in local jail on a probation violation was to be precluded from these sort of procedures. And the point was that at all material times in this proceeding, it was the uniform policy of the local bench that anybody serving time in local jail on a probation violation was to be precluded from these sort of procedures. Now, in 1997 and 1999, after all of this happened, and Petitioner, a plaintiff doesn't make any argument that those statutes apply to his case, in 1999, as we explain in our brief, the ordinance statutes were amended, and now they require that if there is any sort of restrictions on release, those restrictions have to be put in the judgment that is entered. At the time that a plaintiff was sentenced to jail in this case, however, those statutes were not yet enacted, and there was no specific requirement that those particular restrictions be on the face of the judgment. The only statute that plaintiff cites to at this point is 137071, sub 8, and that's quoted in his reply at page 3. And what that case says, what it says is it must specifically, it must specify clearly the court's disposition, including all legal consequences the court establishes or imposes, and it sets forth a number of things that need to be put in there. As far as restrictions on release, that is not one of those that is listed. And the last sentence is, nothing in this subsection requires judgment to specify the consequences that may result from the determination but are not established or imposed by the court. And so this is one of those things that, you know, restrictions on release as far as the local supervisory authority, that I submit simply doesn't fall within the scope of that statute. Do you happen to know the answer to the question I asked your adversary? Has there ever been a case where a judge was found liable for not putting in something in writing that he was allowed to do so long as he did it in writing? Not that I'm aware of. And as far as I can see right now, that's the only claim that plaintiff has, is that this wasn't put in writing, although the court had authority to do what it did and the supervisory authority had to comply with that order, and this was a blanket order not directed particularly at him. And this was an order that was enforced when he was sentenced. The problem is, is that what just wasn't listed in the judgment, which strikes me as simply a judicial function, whether you put something in the judgment or not. Now, it's certainly not clear as a matter of State, Oregon State law, that this is something at that time that needed to be in the judgment. There's no authority that I'm aware of that says that that is so. But certainly, I think that there is no basis for asserting that the failure of the judgment was outside the court's judicial function. That was simply an error that easily could have been fixed by entry of an amended judgment had plaintiff raised the issue. Unless the Court has questions, that's all I have. Thank you, counsel. Very briefly, Your Honor. If the defendant is not advised in the sentencing order of everything that he's been sentenced to and all the consequences of that, he has no ability to appeal that judgment. At the time the judge engaged in his further extrajudicial conduct in calling up the jail staff and saying, don't let him go, his appeal time on the judgment had run. He had no other plain remedy at that point in time. Thank you, counsel. Okay. Thank you. Carroll v. Downer is submitted. Gritton v. Layman is submitted. Tellis v. Plummetier is submitted. You are adjourned. Thank you, both. Thank you. Nope. Okay.
judges: Dw Nelson, Kleinfeld, Fisher